STATE OF NORTH CAROLINA v. BRUCE YOUNGBAR

No. 769SC806

(Filed 6 April 1977)

**Criminal Law § 151— appeal — time for making entry**
　　　Defendant's notice of appeal which was not entered until the 35th
　　day after the last day of the session at which judgment was ren-
　　dered was not timely, and the purported appeal is dismissed. G.S.
　　15-180.3(2).

PURPORTED appeal by defendant from *McLelland, Judge.*
Judgment entered 5 May 1976 in Superior Court, FRANKLIN
County. Heard in the Court of Appeals 15 March 1977.

Defendant was tried and convicted of (1) felonious break-
ing and entering and (2) felonious larceny. The two charges
were consolidated for a judgment of imprisonment for a term
of five years.

*Attorney General Edmisten, by Associate Attorney Sandra
M. King, for the State.*

*Thomas F. East for the defendant.*

BROCK, Chief Judge.

This case was called for trial on 4 May 1976 and was con-
cluded by a guilty verdict and the entry of judgment on 5 May
1976. The record on appeal discloses that Judge McLelland
signed appeal entries on 11 June 1976 and set the times from
that date for the service of proposed record on appeal and the
service of proposed alternative record on appeal. There is no
showing of notice of appeal being given prior to 11 June 1976.
This notice of appeal dated 11 June 1976 was not filed until
17 June 1976 and does not show service on the district attorney.

The session of court during which defendant was tried was
a two-week session commencing on 26 April 1976. Defendant's
case was tried during the second week of the session. The two-
week session expired by limitation on 7 May 1976. Actually in
this instance the session expired 7 May 1976 by adjournment.
Defendant's notice of appeal was not entered until 11 June 1976,
the 35th day after the last day of the session at which judg-
ment was rendered.

State v. Youngbar

General Statute 15-180.3(2) provides that notice of appeal in criminal actions may be given by "[f]iling notice of appeal with the clerk of superior court and serving copies thereof upon all adverse parties within 10 days after the last day of the session at which [judgment is] rendered." The right of appeal is statutory, and the time limitation of the statute is jurisdictional. This purported appeal must be dismissed for lack of jurisdiction.

Appeal dismissed.

Judges PARKER and ARNOLD concur.